1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  FLOREAN EDWARDS,                    No. CIV S-04-2433-CMK

12               Plaintiff,

13        vs.                          MEMORANDUM OPINION AND ORDER

14  JO ANNE B. BARNHART,
    Commissioner of Social Security,

15               Defendant.

16  _____/

17

18          Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19  review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20  Pursuant to the consent of the parties, this case is before the undersigned for final decision on

21  plaintiff's motion for summary judgment (Doc. 9) and defendant's cross-motion for summary

22  judgment (Doc. 11).

23  / / /

24  / / /

25  / / /

26  / / /

                                  1

# I. BACKGROUND

Plaintiff applied for supplemental security income ("SSI") benefits on November 9, 2001, based on disability.  In her application, plaintiff claims that her impairment began on November 2, 1999.  Plaintiff claims her disability consists of a combination of fibromyalgia, degenerative disc disease, and depression.   Plaintiff is a United States citizen born January 7, 1957, with a high school education.

Plaintiff's claim was initially denied.  Following denial of her request for reconsideration, plaintiff requested an administrative hearing, which was held on November 3, 2003, before Administrative Law Judge ("ALJ") Antonio Acevedo-Torres.

In his January 26, 2004, decision, the ALJ made the following findings:

1.    The claimant has not engaged in substantial gainful activity since November 9, 2001;

2.    The medical evidence establishes that the claimant has severe myofascial body and joint pain and back discomfort impairments, but that she does not have an impairment or combination of impairments listed in or medically equal to one listed in [the Listings of Impairments]; the claimant does not have a severe mental impairment, polysubstance impairment, or gastrointestinal, respiratory, or gynecological impairment;

3.    The claimant's testimony is not substantially credible for the reasons stated in the body of this decision;

4.    The claimant has the residual functional capacity to perform the non-exertional requirements of work except for frequently lifting more than 10 pounds and occasionally lifting more than 20 pounds;

5.    The claimant is unable to perform her past relevant work;

6.    The claimant has the residual functional capacity for the full range of light work;

7.    The claimant is 41 years old, which is defined as a younger-age individual;

8.    The claimant possesses a high school education;

9.    The claimant does not have any acquired work skills which are transferable to the skilled or semiskilled work activities of other work;

10.  Based on an exertional capacity for light work, and the claimant's age, education, and work experience, [the regulations] would direct a conclusion of not disabled; and

11.  The claimant was not under a disability as defined in the Social Security Act, at any time through the date of this decision.

Based on these findings, the ALJ concluded that plaintiff was not disabled and, therefore, not entitled to benefits.  After the Appeals Council declined review on September 16, 2004, this appeal followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338

3

1    (9th Cir. 1988).

2

3                          **III.  DISCUSSION**

4            In her motion for summary judgment, plaintiff raises one issue.  Specifically,

5    plaintiff argues that the ALJ erred in not giving proper weight to the opinion of plaintiff's

6    treating physicians – Dr. William Koester and Dr. Rashida Bokhari.   The weight given to

7    medical opinions depends in part on whether they are proffered by treating, examining, or

8    non-examining professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

9    Ordinarily, more weight is given to the opinion of a treating professional, who has a greater

10   opportunity to know and observe the patient as an individual, than the opinion of a non-treating

11   professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen,

12   853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining

13   professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

14           In addition to considering its source, to evaluate whether the Commissioner

15   properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are

16   in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an

17   uncontradicted opinion of a treating or examining medical professional only for "clear and

18   convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.

19   While a treating professional's opinion generally is accorded superior weight, if it is contradicted

20   by an examining professional's opinion which is supported by different independent clinical

21   findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035,

22   1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be

23   rejected only for "specific and legitimate" reasons supported by substantial evidence.  See

24   Lester, 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough

25   summary of the facts and conflicting clinical evidence, states her interpretation of the evidence,

26   and makes a finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent

                                                  4

specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  See id. at 831.  In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

        1.    Dr. Koester

Plaintiff contends that the ALJ improperly rejected the opinion of plaintiff's treating physician, Dr. Koester.  As to Dr. Koester, the ALJ stated:

> The record also contains a physical capacities assessment from Dr. William Koester, M.D., dated June 19, 2002, which held that the claimant's back and foot pain precluded her from performing prolonged sitting, standing, walking, and lifting even 5 pounds or less.  However, the undersigned finds that this assessment is not credited as: (1) it is unsupported by any objective clinical findings, radiological imaging studies, or laboratory tests; (2) accompanying medical treatment records disclose that the claimant was only treated with medications, do not show any further treatment past January 2003, and are scant; (3) it is at odds with the more reliable consultative internists' assessments and non-examining state agency physician's assessment; (4) it does not take into consideration the claimant's documented history of pain exaggeration and lack of cooperation with other physicians.  As such, this assessment is not credited.

Clearly, the ALJ complied with the procedural requirements in assessing Dr. Koester's opinion.  The question is whether the ALJ's assessment is based on substantial evidence.

With respect to the remainder of the evidence, the ALJ stated:

> The Administrative Law Judge has carefully considered the claimant's symptoms of fibromyalgia and back pain in terms of the criteria of Social Security Ruling 96-7p and has concluded that her complaints are out of proportion to the overall weight of the objective medical evidence and other factors of a non-medical nature and, therefore, renders her testimony not substantially credible.  In this regard, the record shows that while the claimant has a history of subjective complaints of chronic, severe diffuse generalized body and joint aches and pains, back discomfort and fatigue,

1   there is no credible evidence whatsoever in the record of degenerative
    spinal pathology, fibromyalgia has not been corroborated by objective
2   clinical findings or laboratory testing, medical care has been scant, surgery
    has not been required for these symptoms, daily living activities are
3   extensive, conservative treatment such as medications and physical
    therapy have controlled her symptoms, and her cane was not prescribed by
4   a physician.  This is consistent with two consultative internist assessments
    which found that she could function in an occupational setting.  In the first
5   assessment, dated March 23, 2002, Dr. Sanders, M.D., who found that
    despite the claimant's poor cooperation and exaggeration during the
6   examination, her good range of motion in all of her joints, lack of
    effusion, atrophy, spasms, redness or heat, normal gait, negative straight
7   leg raising, unimpaired coordination and intact sensory testing, she does
    not have any physical limitations whatsoever.  In the second assessment,
8   dated August 10, 2003, Dr. Benrazavi, M.D., also found it difficult to
    examine the claimant due to her poor effort and exaggeration of symptoms
9   but nevertheless found that she could at least perform prolonged standing,
    walking, sitting, and lifting not more than 10 pounds and occasionally
10  lifting not more than 20 pounds.  X-rays similarly disclosed only mild
    degenerative changes of the lumbar spine in September 2000 and cervical
11  spine in August 2003 and no abnormalities of the thoracic spine in August
    2003.  Likewise, a non-examining state agency physician in December
12  2002 noted that the claimant could perform light work.

13  The ALJ"s discussion of the evidence of plaintiff's residual functional capacity is just as

14  thorough.  The court has reviewed the referenced medical records and concludes that the ALJ's

15  assessments are based on substantial evidence in the record as a whole.

16          2.   Dr. Bokhari

17          Plaintiff asserts that the ALJ did not consider Dr. Bokhari's opinion at all, thereby

18  improperly rejecting it.  Specifically, plaintiff states that the ALJ failed to consider "medical

19  source statements" from 2003 dated June 11, June 25, July 23, August 13, and September 11.

20  The court has examined each of these documents and agrees with defendant that these do not

21  amount to a statement of Dr. Bokhari's opinion.  Rather, they are treatment notes and

22  observations and, in particular, are not an expression of Dr. Bokhari's opinion.  In fact the court

23  cannot find any opinion statements from this doctor.  Therefore, the court rejects plaintiff's

24  argument that the ALJ failed to accord proper weight to Dr. Bokhari.

25  / / /

26  / / /

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for summary judgment is denied;

    2.    Defendant's cross-motion for summary judgment is granted; and

    3.    The Clerk of the Court is directed to enter judgment and close this file.

DATED:   May 25, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE